IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARD ROUSE, derivatively on behalf of EKSO BIONICS HOLDING CORP.<br><br>Plaintiff,<br><br>v.<br><br>STEVE SHERMAN, THOMAS LOOBY, MARILYN HAMILTON, HOWARD PALEFSKY, JACK PEURACH, STANLEY STERN, THEODORE WANG and AMY WENDELL,<br><br>Defendants<br><br>and<br><br>EKSO BIONICS HOLDING CORP.<br><br>Nominal Defendant. | Case No. 18-cv-01348-CRB<br><br>**ORDER GRANTING CONSOLIDATION AND APPOINTMENT OF LEAD PLAINTIFF AND LEAD AND LIAISON COUNSEL** |
| DIMITRULA HENSON, Derivatively on Behalf of EKSO BIONICS HOLDING CORP.<br><br>Plaintiff,<br><br>v.<br><br>JACK PEURACH, RUSS ANGOLD, MAXIMILIAN F. SCHEDER-BIESCHIN, MARILYN HAMILTON, STEVEN SHERMAN, STANLEY STERN, TED WANG, THOMAS LOOBY, HOWARD PALEFSKY, and AMY WENDELL,<br><br>Defendants, | Case No.: 3:18-cv-03466 |

1   -and-

2

3   EKSO BIONICS HOLDING CORP.

4   Nominal Defendant.

5

6

7   In this case, Plaintiffs Ward Rouse ("Rouse") and Dimitrula Henson ("Henson") seek a consolidation order consolidating under the first filed captioned action pursuant to Rule 42(a) of the Federal Rules of Civil Procedure and assigning the consolidated action the master caption "In re EksoBionics Holding Corp. Derivative Litigation." Dkt. 20. They also request that their chosen counsel, Gainey, McKenna & Egleston ("GM&E") and Bragar Eagel & Squire, P.C. ("BES") be appointed as Co-Lead Counsel in the consolidated action, and that The Tostrud Law Group, P.C. ("Tostrud") be appointed Liaison Counsel. Plaintiffs represent that Defendant Ekso Bionics Holding Corporation supports the consolidation of the action, and takes no position on the appointment of lead plaintiff and lead and liaison counsel. Dkt. 20 at 4. Defendants have not filed a response to Plaintiffs' motions.

Consolidation is appropriate where there is a "common issue of law or fact" between the cases. Fed. R. Civ. P. 42(a). The actions at issue here involve allegations of breach of fiduciary duties by the defendants. Dkt. 20 at 4-5. The Court thus finds that consolidation is appropriate under Rule 42.

Plaintiffs next seek to appoint Rouse and Henson as co-lead derivative plaintiffs. Dkt. 20 at 5-6. Both Rouse and Henson are Ekso shareholders and claim that they held Ekso stock at all relevant times. Dkt. 20 at 5-6. Given the lack of dispute that Rouse and Henson would "fairly and adequately represent the interests" of the plaintiffs in this case, see Fed. R. Civ. P. 32(1), the Court grants the plaintiffs' motion for Rouse and Henson to be appointed lead plaintiffs.

Plaintiffs' also seek the appointment of GM&E and BES as co-lead counsel and

United States District Court
Northern District of California

1  Tostrud as liaison counsel. Plaintiffs represent that GM&E, BES, and Tostrud have the

2  requisite experience and skills, and no party has indicated an objection to this designation.

3  See Dkt. 20 at 7-10. Accordingly, this Court grants the motions to appoint lead and liaison

4  counsel.

5    For the foregoing reasons,

6    1. The above-captioned actions are hereby consolidated for all purposes into one

7  action.

8    2. These actions shall be referred to herein as the "Consolidated Derivative

9  Actions." This Order shall apply to the Consolidated Derivative Actions and to each case

10  that is subsequently filed in this Court or transferred to this Court that relates to the same

11  subject matter as in the Consolidated Derivative Actions.

12    3. Based upon the overlapping parties and factual allegations contained in the

13  Consolidated Derivative Actions and the Bekhet v. Ekso Bionics Holdings, Inc., et al., No.

14  18-cv-01726-CRB (filed January 2, 2018), Cheehy v. Ekso Bionics Holdings, Inc., et al.,

15  No. 3:18-cv-00212-CRB (filed January 10, 2018), and D'Arcy v. Thomas Looby,

16  Maximilian Scheder-Bieschin, Steven Sherman, Daniel Boren, Marilyn Hamilton, Howard

17  Palefsky, Jack Peurach, Stanley Stern, Ted Wang, and Amy Wendell, No. A-18-768970-B,

18  and to avoid the unnecessary expenditure of judicial resources, the parties to this action

19  have agreed, subject to this Court's approval, to temporarily defer prosecution, including

20  motion practice and discovery, in this Action until such time as the court in Behket and

21  Cheehy have (i) designated lead plaintiffs in the actions, (ii) have ruled on anticipated

22  motions to consolidate the actions, (iii) have issued orders ruling on the defendants'

23  anticipated motions to dismiss Bekhet, Cheehy, and D'Arcy Actions; or (iv) either party

24  has moved to modify the terms of the Order; and

25    4. Every pleading in this Consolidated Action shall bear the following caption:

UNITED STATES DISTRICT COURT

NORTHERN DICTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| IN RE EKSO BIONICS HOLDING CORP. DERIVATIVE LITIGATION | Case No.: 3:18-cv-01348 |
| This Document Relates To: | |
| ALL DERIVATIVE ACTIONS | |

When a pleading is intended to apply to all actions, the words "All Derivative Actions" should be inserted in the caption. When a pleading is intended to apply to fewer than all actions, the docket number of each individual action and the last name of the first named plaintiff shall be inserted in the caption.

5. This Court requests the assistance of counsel in calling to the attention of the Clerk of this Court the filing or transfer of any case which might properly be consolidated as part of this Consolidated Derivative Action.

6. A Master Docket and Master File shall be established for the Consolidated Derivative Actions. The Master File shall be Case No.: 3:18-cv-01348. All orders, pleadings, motions and other documents shall, when filed and docketed in the Master file, be deemed filed and docketed in each individual case to the extent applicable. When an order, pleading, motion, or document is filed with a caption indicating that it is applicable to fewer than all of these consolidated actions, the clerk shall file such pleadings in the Master File and note such filing in the Master Docket and in the docket of each action referenced.

7. Plaintiffs Ward Rouse and Dimitrula Henson are hereby appointed Co-Lead Plaintiffs.

8. Gainey McKenna & Egleston and Bragar Eagel & Squire, P.C. are hereby

4

appointed as Co-Lead Counsel for Plaintiffs and The Tostrud Law Group, P.C. is hereby appointed liaison counsel for Plaintiffs. Lead counsel shall have the sole authority and discretion over the following matters on behalf of all plaintiffs in their respective cases: (a) the initiation, response, scheduling, briefing, and argument of all motions, (b) the scope, order, and conduct of all discovery proceedings, (c) the designation of which attorneys may appear at hearings and conferences with the Court, (d) the timing and substance of any settlement negotiations with defendants, and (e) other matters concerning the prosecution and resolution of the respective cases. No other attorney is authorized to undertake any action on behalf of the derivative plaintiffs without the express authorization of lead counsel. Defendants' counsel may rely upon agreements made with lead counsel and such agreements shall be binding on all plaintiffs.

**IT IS SO ORDERED.**

Dated: September 13, 2018



_____
CHARLES R. BREYER
United States District Judge